[S. F. No. 10471. In Bank.—October 4, 1923.]

ADELAIDE McCOLGAN, as Administratrix, etc., Appellant, v. JOSEPH SOCKOLOV, Respondent.

[1] PAYMENT — ACTION ON PROMISSORY NOTES — APPLICATION OF CREDITS—SECTION 1479, CIVIL CODE.—In an action upon several promissory notes bearing consecutive dates, executed by defendant to plaintiff's intestate and representing moneys loaned by the decedent to the defendant, where subsequent to the dates of earlier notes executed by the defendant to the decedent but not sued upon and prior to the earliest dated note in suit, defendant rendered services for decedent for which the latter promised to give defendant credit on his notes, the credits for the work done between said times should have been applied against the earlier notes not in suit, in accordance with the method outlined in section 1479 of the Civil Code.

[2] ID. — PROMISSORY NOTES — CASH PAYMENT — CREDIT FOR LABOR— MANNER OF APPLYING.—In such an action, where a part of one of the notes not sued upon remained unpaid after the application of credits for work done by defendant to the notes not in suit, and where after the date of the last-dated note in suit the defendant made a cash payment to decedent and still later performed further work for decedent, the plaintiff should have applied, in payment of the unpaid balance of the note not sued upon and of the notes in suit, first, the cash payment, and then the credit for the further work done.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Reversed.

The facts are stated in the opinion of the court.

Alfred J. Harwood for Appellant.

W. J. Tuska for Respondent.

KERRIGAN, J.—This action was commenced by Daniel A. McColgan against the defendant, Joseph Sockolov, to recover a judgment for moneys expended for the defendant, and also for moneys loaned to him as represented by certain promissory notes. Pending the litigation, Daniel A. McColgan, hereinafter called the decedent, died, and the plaintiff, as administratrix, was substituted. Judgment was ren-

dered in favor of the plaintiff, but being dissatisfied with the amount she brings this appeal.

In his complaint plaintiff set out seven causes of action. The first cause of action was to recover from the defendant the sum of $2,550 paid by the plaintiff to a surety company in pursuance of an indemnity agreement. Plaintiff recovered in full on this cause, so it is not questioned on this appeal. The second, third, fourth, fifth, sixth, and seventh causes of action were on promissory notes executed by defendant to Daniel A. McColgan. The trial court found that the notes set out in the second and third causes of action, and part of the note set out in the fourth cause, were paid; that the balance of the note described in the fourth cause of action, and the note set out in the fifth cause of action, and part of the note described in the sixth cause of action were paid by defendant by work and labor furnished to plaintiff at his request; that the balance of the note set out in the sixth cause and the note described in the seventh cause had not been paid.

The most important point in this case is the question of the application of certain payments made on the above-mentioned promissory notes. It appears from the record that the original plaintiff, Daniel A. McColgan, and Reginald McColgan, his brother, were partners and were engaged in loaning their own moneys and negotiating loans for other persons. The defendant was a carpenter, making repairs on small jobs, taking contracts and building houses for others, and, to some extent, building houses on his own account for sale. While so engaged he borrowed sums of money from the McColgans, borrowed sums of moneys from others through negotiations conducted by the McColgans, and at different times made repairs on different buildings for the account of the McColgans. This business association extended over a period of at least six years, and the notes here sued on represent some of the amounts which defendant borrowed from the McColgans.

At the time of the commencement of the action the decedent held the defendant's one-day promissory notes of the same general form as follows:

(1) $500, June 19, 1914;  (2) $311.10, June 22, 1914;
(3) $500, January 8, 1916;  (4) $700, January 15, 1916;
(5) $500, January 22, 1916;  (6) $500, January 29, 1916;

(7) $1,000, February 2, 1916; (8) $500, February 5, 1916; (9) $500, February 10, 1916.

The first three notes above listed were not sued upon, it being the theory of the plaintiff that the $2,000 payment, hereinafter referred to, was applied by him to pay the first, second, third, and part of the fourth notes, and that he was suing for the balance of the note last mentioned, and for the principal and interest due on each of the later notes. The defendant's case was based on the theory that all the notes were paid. As already indicated, the trial court found that this $2,000, as well as certain credits for work and labor, were applied on the notes in suit, the court not taking into account the three earlier notes not sued upon.

There is sufficient evidence in the record to sustain the findings of the court relative to the credits for the work and labor performed, but we believe that the court erred in the application which it made of these credits. The work performed consisted in defendant superintending certain repair work on various properties either owned or controlled by the McColgans. Although defendant claims to have done many such jobs, there are at least five jobs sufficiently identified to be credited. These five different jobs were dated, respectively, January, 1915, $75; June, 1915, $171; June, 1915, $500; August, 1915, $200, and October, 1916, $400. As each service for superintendence was performed the defendant testified that he gave to Daniel A. McColgan a bill showing the charge for superintendence, and the cost of the job, and asked to be given credit for the amount of the superintendence on his notes, and that McColgan promised to give it. We are convinced that this was the agreement under which the decedent and the defendant transacted their business, but it is practically impossible to ascertain the state of their accounts at any specific time. The defendant kept no books of account, and was only able to produce at the trial a memorandum on which he had entered the cost of the various jobs. The plaintiff kept a set of books, but they are not very enlightening.

[1] As already noted, the trial court found that some of the notes in suit had been paid by work and labor, but the only evidence in the record of work performed were those jobs which we have just referred to, and all of these, with the exception of the last, were done prior to the making

of the promissory notes to which the court applied them as credits. We believe that the court erred in so applying these credits. The credits for work done in 1915 should have been applied against the three earlier notes not in suit, in accordance with the method outlined in section 1479 of the Civil Code. The only way in which they could have been applied against the notes in suit would be on the theory that they remained stated job accounts and as such were the proper subject matter of set-off or counterclaim. The defendant filed a supplemental answer, counterclaim, and cross-complaint, in which he set up that plaintiff was indebted to him for $1,500, being the alleged value of the services rendered, but the court found against him on his counterclaim and cross-complaint, and, further, such claim would have been barred by the statute of limitations.

Applying these credits for work and labor in the manner which we have suggested, no difficulty is presented in the proper application of the payment of $2,000. On February 17, 1916, the defendant delivered to Daniel A. McColgan a check for $2,000. That fact is not disputed in the record. The decedent had on one page of his ledger the notes in the above list, 3 to 9 inclusive, total, $4,200. Immediately below he wrote, "Joseph Sockolov—paid on account, February 17, 1916,—$2000." That entry was never exhibited to the defendant until the trial. As we have already seen, it was the theory of the plaintiff that this $2,000 was applied on the earlier notes not in suit, and he contended that the mere entry in his ledger was not conclusive as to how the payment had been applied. But under the view which we take of this case it is not necessary to decide this point, for it is conceded that the $2,000 should have been applied somewhere on "defendant's account." **[2]** At the time when defendant made the $2,000 payment there remained unpaid part of note 3 in the above list, and all of the notes here sued on. Therefore, plaintiff should have applied, in payment of these outstanding notes, first, the $2,000 payment, and then the credit of $400 for work and labor done in October, 1916.

In giving his data regarding these various credits for superintendence, defendant included a charge of $154 for compensation insurance, which the trial court erroneously

allowed, giving credit for $1,500, whereas it should have given credit for only $1,346.

For the reasons above set forth the judgment is reversed.

Seawell, J., Waste, J., Lawlor, J., Myers, J., Lennon, J., and Wilbur, C. J., concurred.